UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

SEAN GIBSON,

    Plaintiff,

-VS-

EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and SECURITY CREDIT SERVICES, LLC,

    Defendants.

                                 /

CASE NO.: 1:20-cv-00237

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Sean Gibson (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Equifax Information Services, LLC (hereinafter "Equifax"), Experian Information Solutions, LLC (hereinafter "Experian"), Trans Union LLC (hereinafter "Trans Union"), and Security Credit Services, LLC (hereinafter "Security Credit") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2.    Today in America there are three major consumer reporting agencies, Equifax, Trans Union, and Experian.

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like Security Credit, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Security Credit. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. The Plaintiff is a natural person and resident of the State of Ohio, residing in Hamilton County, Ohio.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Equifax is a corporation headquartered in the State of Georgia, authorized to do business in the State of Ohio through its registered agent, Corporation Service Company, located at 50 West Broad St., Suite 1330, Columbus, OH, 43215.

12. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681a(f).

13. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

14. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

15. Experian is a corporation headquartered in the State of California, authorized to do business in the State of Ohio through its registered agent, CT Corporation System, located at 4400 Easton Commons Way, Suite 125, Columbus, OH, 43219.

16. Experian is a "consumer reporting agency," as defined in 15 USC § 1681a(f).

17. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

18. Experian disburses such consumer reports to third parties under contract for monetary compensation.

19. Trans Union is a corporation headquartered in the State of Illinois, authorized to do business in the State of Ohio through its registered agent, The Prentice-Hall Corporation System, Inc., located at 50 West Broad St., Suite 1330, Columbus, OH, 43215.

20. Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681a(f).

21. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

22. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

23. Security Credit is a debt collector which was formed in Mississippi with its principal place of business located at 306 Enterprise Drive, Oxford, MS, 38655 and which conducts business in the State of Ohio.

24. Security Credit is a debt collector collecting an alleged obligation which arises out of personal, family or household transactions.

25. Security Credit is a debt collector attempting to collect an alleged consumer debt from Plaintiff.

26. Security Credit is a "Furnisher," as defined in 12 CFR § 1022.41(c).

27. Security Credit is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

28. Plaintiff is a person alleged to owe a debt to Security Credit.

29. Plaintiff has never had an account with Security Credit.

30. Plaintiff is a person alleged to owe a debt to Tempoe, LLC.

31. Plaintiff has never had an account with Tempoe, LLC.

32. Equifax, Experian, and Trans Union are all reporting that Plaintiff owes the alleged debt to Security Credit.

33. In 2019, Plaintiff noticed an Illinois address appearing on his credit reports.

34. Plaintiff has never lived in Illinois, so he disputed this information as being inaccurate, and the Illinois address was removed from his credit reports.

35. At this time, Plaintiff also noticed the Security Credit trade line reporting on his Equifax, Experian, and Trans Union credit reports.

36. Plaintiff was able to learn that the Security Credit trade line originated from a company called Tempoe, LLC.

37. Plaintiff was also able to learn that Tempoe, LLC opened this account and had furniture delivered to an address in Illinois.

38. Security Credit later began reporting this inaccurate account as a collection account alleged to belong to the Plaintiff.

39. In 2019, Plaintiff filed an online dispute of the Security Credit trade line with Equifax.

40. Upon information and belief, Equifax forwarded that dispute to Security Credit.

41. In 2019, Equifax refused to delete the Security Credit trade line from Plaintiff's Equifax credit report.

42. In 2019, Plaintiff filed an online dispute of the Security Credit trade line with Experian.

43. Upon information and belief, Experian forwarded that dispute to Security Credit.

44. In 2019, Experian refused to delete the Security Credit trade line from Plaintiff's Experian credit report.

45. In 2019, Plaintiff filed an online dispute of the Security Credit trade line with Trans Union.

46. Upon information and belief, Trans Union forwarded that dispute to Security Credit.

47. In 2019, Trans Union refused to delete the Security Credit trade line from Plaintiff's Trans Union credit report.

48. In 2020, Plaintiff sent a written dispute letter to Equifax explaining that the Security Credit account did not belong to Plaintiff.

49. To date, Equifax has not responded to this dispute and the Security Credit trade line remains on Plaintiff's Equifax credit report.

50. In 2020, Plaintiff sent a written dispute letter to Experian explaining that the Security Credit account did not belong to Plaintiff.

51. Upon information and belief, Experian notified Security Credit of Plaintiff's dispute of the account.

52. On January 30, 2020, Experian notified Plaintiff that the dispute had an "Outcome: Processed: and the Security Credit account remained on Plaintiff's Experian credit report.

53. In 2020, Plaintiff sent a written dispute letter to Trans Union explaining that the Security Credit account did not belong to Plaintiff.

54. In January of 2020, Trans Union responded that the Security Credit trade line had previously been investigated and "verified" and the account remained on Plaintiff's credit report.

55. Security Credit is still attempting to collect the alleged debt owed by the Plaintiff, on a revolving basis, by publishing this false information about the Plaintiff.

56. Security Credit has also retained the Services of the law firm of Lloyd and McDaniel to try and collect this false debt from Plaintiff.

57. Lloyd and McDaniel, at the direction of Security Credit, is mailing Plaintiff debt collection letters and attempting to gain access to Plaintiff's private information all stemming from a debt that Security Credit knows Plaintiff is not responsible for.

58. Security Credit, to this date, has never informed Equifax, Experian, or Trans Union that Plaintiff is not the responsible party for the alleged debt.

59. To date, Equifax, Experian, and Trans Union have failed to report the proper information on Plaintiff's credit reports.

60. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his credit;
    ii. Loss of time;
    iii. Loan denials;
    iv. Inability to obtain a mortgage;
    v. Decreased credit score;
    vi. Significant disruption of his personal life;
    vii. Stress, aggravation, and other related impairments to the enjoyment of life.

## CAUSES OF ACTION

### COUNT I
**(Violation of the FCRA - As to Defendant Equifax Information Services, LLC)**

61. Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty (60) as if fully set out herein.

62. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

63. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

64. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

65. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
**(Violation of the FCRA - As to Defendant Equifax Information Services, LLC)**

66. Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty (60) above as if fully set out herein.

67. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

68. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

69. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

70. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
**(Violation of the FCRA - As to Defendant Experian Information Solutions, Inc.)**

71. Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty (60) as if fully set out herein.

72. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

73. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

74. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

75. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
**(Violation of the FCRA - As to Defendant Experian Information Solutions, Inc.)**

76. Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty (60) above as if fully set out herein.

77. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

78. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

79. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

80. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
### (Violation of the FCRA - As to Defendant Trans Union LLC)

81. Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty (60) as if fully set out herein.

82. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

83. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

84. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

85. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI
### (Violation of the FCRA - As to Defendant Trans Union LLC)

86. Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty (60) above as if fully set out herein.

87. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

88. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

89. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

90. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**COUNT VII**
**(Violation of the FCRA - As to Defendant Security Credit Services, LLC)**

91. Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

92. Security Credit published the Security Credit representations to Equifax, Experian, and Trans Union and through Equifax, Experian, and Trans Union to all of Plaintiff's potential lenders on multiple occasions.

93. Security Credit violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's disputes of Security Credit's representations; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian, and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Security Credit representations to the consumer reporting agencies.

94. Security Credit violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union after Security Credit had been notified that the information was inaccurate.

95. Security Credit violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union that Security Credit knew was inaccurate.

96. Security Credit did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the Security Credit representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Security Credit knowingly chose to follow procedures which did not review, confirm or verify who the

responsible party was for the debt in question. Further, even if Security Credit would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

97. As a result of this conduct, action and inaction of Security Credit, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; loss of credit; loss of the ability to purchase and benefit from credit; the mental and emotional pain; and loss of time.

98. Security Credit's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SECURITY CREDIT SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VIII
**(Violation of the FDCPA - As to Defendant Security Credit Services, LLC**

99. Plaintiff restates and incorporates his allegations in paragraphs one (1) through sixty (60), including subparts, as if fully set forth herein.

100. At all times relevant to this action, Security Credit was subject to and required to abide by 15 U.S.C. § 1692 *et seq*.

101. Security Credit violated 15 U.S.C. §§ 1692e(2)(a), 1692e(8), 1692e(10), 1692e(13) and 1692e(14) by falsely representing the character, amount, or legal status of a debt, and by communicating to any person credit information which is known or which should be known to be false, all in an attempt to collect a debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SECURITY CREDIT SERVICES, LLC, for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ J. Corey Asay*
J. Corey Asay
Bar No.: 0090203
Morgan & Morgan
333 W. Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8368
Fax: (859)286-8384
casay@ForThePeople.com
*Trial Attorney for Plaintiff*