**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| SEAN GIBSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EQUIFAX INFORMATION SERVICES, ) <br> LLC, et al. ) <br> ) <br> Defendants. ) | CASE NO. 1:20-cv-237 <br><br> Judge Timothy S. Black |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Sean Gibson ("Plaintiff") and Defendants Equifax Information Services LLC, Experian Information Solutions, LLC, Trans Union LLC, and Security Credit Services, LLC through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.      This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.      Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained

therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

       3.       If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

       4.       This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996); *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016) and their progeny. Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 5.2.1.

       5.       A party that intends to file documents previously designated by the opposing party as "Confidential," or "Confidential—Attorneys' Eyes Only" shall first consult with the opposing party to determine whether, with the consent of the opposing party, the document or a redacted version of the document may be filed without restriction. This consultation should occur sufficiently in advance of the anticipated filing to allow the opposing party that previously designated the information "Confidential," or "Confidential—Attorneys' Eyes Only" to file a motion to seal. Any motions to file under seal must comply with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016) and its progeny. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1(a), and the policies and procedures set forth in the Court's CM/ECF online resources.

6. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person , including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

8. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to

prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

      9.     Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 7(f) or 8(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

      10.    All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or

reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 7 and Paragraph 8 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

11. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

12. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Any Producing Party who discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return or destroy such documents, including all copies, within 14 days of receiving such a written request. The party returning or destroying such clawed-back documents may thereafter seek re-production of any such documents pursuant to and consistent with applicable law. This provision shall apply to the production of all documents in the above-captioned action, including but not limited to any electronically stored information ("ESI").

14. The production of privileged or work-product documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or any other federal or state proceeding. The parties intend for this Paragraph to be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

15. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

16. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with S.D. Ohio Civ. R. 37.1 and Judge Timothy S. Black's Cincinnati Civil Procedures II. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

17. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

18. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO ORDERED.**

Date: 8/14/2020

*Timothy S. Black*
Timothy S. Black
United States District Judge

Dated: August 11, 2020                 Respectfully submitted,

| */s/ Stephen R. Beiting* | */s/ Daniel W. Berens* |
|---|---|
| Stephen R. Beiting (0088343) | Daniel W. Berens (0097193) |
| Seyfarth Shaw LLP | Alexandra L. Schill (0095612) |
| 233 S. Wacker Drive, Suite 8000 | JONES DAY |
| Chicago, Illinois 60606-6448 | 325 John H. McConnell Blvd., Suite 600 |
| Telephone: (312) 460-5145 | Columbus, Ohio 43215-2673 |
| Facsimile: (312) 460-7000 | Telephone: (614) 281-3813 |
| sbeiting@seyfarth.com | Facsimile: (614) 461-4198 |
|  | E-mail: dberens@jonesday.com |
|  | aschill@jonesday.com |

*Attorney for Defendant Equifax Information Services LLC.*

*Attorneys for Defendant Experian Information Solutions, Inc.*

| */s/ Jason R. Derry* | */s/ Elizabeth M. Shaffer* |
|---|---|
| Jason R. Derry (Florida Bar #0036970) | Elizabeth M. Shaffer (0076449) |
| J. Corey Asay (0090203) | Dinsmore & Shohl LLP |
| Morgan & Morgan | 255 East Fifth Street |
| 333 W. Vine Street, Suite 1200 | Suite 1900 |
| Lexington, Kentucky 40507 | Cincinnati, Ohio 45202 |
| Telephone: (859) 286-8368 | Telephone: (513) 977-8200 |
| Facsimile: (859) 286-8384 | Facsimile: (513) 977-8141 |
| Email: casay@forthepeople.com | E-Mail: elizabeth.shaffer@dinsmore.com |

*Attorney for Plaintiff*

*Attorney for Defendant Security Credit Services, LLC*

*/s/ J.R. Weyreter*
J.R. Weyreter (OH # 35405-49)
Laura K. Rang (IN #26238-49)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: (317) 363-2400
Facsimile: (317) 363-2257
E-Mail: lrang@schuckitlaw.com

*Attorney for Defendant Trans Union LLC*

## EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20\_\_\_.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.


_____
QUALIFIED PERSON